ESTHER PALMIERI GÓÑEZ, ETC., Plaintiff and Appellant, v. THE FEDERAL LAND BANK OF BALTIMORE, Defendant and Appellee.

No. 7957. Argued June 11, 1941.—Decided June 24, 1941.

_Luciano Colón Santiago_ and _R. Hernández Matos_ for appellant. _Frank Martínez, Sebastián García Díaz,_ and _Enrique Campos del Toro_ for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Alfredo Palmieri Ferri died intestate in Adjuntas on December 18, 1921, leaving among other properties, two rural estates lying within that municipal district and described in the complaint. Five days afterward, his brothers, named in the complaint, were declared to be his sole and universal heirs, _without prejudice to a third party with a better right,_ and they recorded in their names the hereditary property on December 11, 1925.

By a deed of October 26, 1926, the heirs of Alfredo Palmieri constituted a voluntary mortgage upon the above two estates in favor of the Federal Land Bank of Baltimore to secure a loan for $9,600 as principal and other subsidiary credits which mortgage was recorded on November 19, 1926. The amount of the mortgage was subsequently increased to $12,400 by a deed of October 14, 1932.

In September 1933, the appellant, while a minor but represented by her mother with _patria potestas,_ brought an action of filiation seeking to be declared an acknowledged natural daughter of Alfredo Palmieri Ferri, and recorded the complaint in the registry of property as regards the said estates on September 26, 1933. The lower court found for the plaintiff in the action for filiation on June 26, 1934, and its decision became final (_firme_) by reason of the judgment of this court of July 24, 1936 (50 P.R.R. 439).

While the action of filiation was pending on appeal and the _lis pendens_ notice entered was still in force, the creditor,

The Federal Land Bank of Baltimore, brought a summary foreclosure proceeding in the District Court of San Juan and made the brothers Palmieri Ferri parties defendant but omitted to join Esther Góñez Palmieri, plaintiff herein, as a party to said proceeding or to notify her, notwithstanding the existence of the recorded *lis pendens* notice.

Subsequently that proceeding was removed to the United States District Court where it was prosecuted until terminated by the award of the estates to the mortgagee which subsequently sold them to third persons.

Based on the above facts, the minor Esther Palmieri Góñez brought the present action for damages against the said bank. The plaintiff also alleged that by reason of the defendant having sold the estates to third persons, "the plaintiff was never able to take possession of the two described estates," which she appraises at $18,000; that the said mortgage foreclosure proceeding, commenced in the District Court of San Juan and terminated in the United States District Court for Puerto Rico, is void on the following grounds: (*a*) because the District Court of San Juan was without jurisdiction to take cognizance of the summary foreclosure proceeding, as the mortgaged estates are located in the judicial district of Ponce; (*b*) because the plaintiff herein was not made a defendant in said proceeding or served with notice thereof, nor did she ratify the mortgage in question.

She further alleged that in consequence of the conduct of the defendant, the plaintiff "has been deprived of the use and enjoyment of the aforesaid two estates, and suffered damages in the sum of $20,000 as estimated by her," and her complaint ended with the following prayer:

"That judgment be duly rendered in her favor and that the Federal Land Bank be adjudged to pay to the plaintiff the sum of $20,000, with interest thereon from the filing of her complaint until the same is fully paid, and the costs of this suit."

The defendant demurred to the complaint on the grounds that the same did not state facts sufficient to constitute a cause of action; that the action was barred under the second paragraph of Section 23 of the Mortgage Law; and that the complaint is ambiguous, unintelligible, and uncertain.

The lower court sustained the grounds of insufficiency and of prescription but failed to pass upon that of ambiguity, as it deemed it unnecessary to do so.

The plaintiff refused to amend her complaint and on her motion the court rendered final judgment against her. It is from that judgment that the present appeal has been taken.

The grounds relied on by the court for sustaining the demurrers are set forth in the following paragraphs of its decision:

"Section 23 of the Mortgage Law provides that the record of real property and property rights acquired by inheritance or legacy *shall not prejudice third persons if five years from the date thereof shall not have passed,* excepting cases of testate or intestate inheritances, betterments, and legacies, when left to heirs by force of law.
" *        *        *        *        *        *        *

"By reason of all the foregoing, and in view, moreover, of the decision in *Menéndez* v. *Succession of Menéndez et al.,* 20 P.R.R. 208, the court reaches the conclusion that the complaint 'does not state facts sufficient to constitute a cause of action' against the defendant Federal Land Bank of Baltimore. . . ." (Italics ours.)

The only error assigned by the appellant relates to the sustaining of the above-mentioned demurrers.

We will first determine whether or not the mortgage in question is valid. For this purpose, we must refer to the second paragraph of Section 23 of the Mortgage Law invoked by the appellee and by the lower court. It reads as follows:

"The record of real property and property rights acquired by inheritance or legacy shall not prejudice third persons if five years from the date thereof shall not have passed, excepting cases of testate or intestate inheritances, betterments and legacies, when left to heirs by force of law."

In harmony with the above legal provisions, the record of real property and property rights in favor of heirs or legatees who are not forced heirs shall be made subject to the resolutory condition of the cancellation of the recorded right if the thing recorded is claimed by another heir with a better right within five years from the date of the record. In other words, one who acquires from a voluntary heir before the lapse of five years assumes the risk of forfeiting the thing acquired if within such period the real property or property right is claimed by an heir with a better right.

Commenting on Section 23 of the Spanish Mortgage Law, of July 17, 1877, which is identical with Section 23 of our Mortgage Law, Galindo and Escosura express themselves as follows:

"In short, according to Section 23 of the Law, in its present form, a record prejudices third persons from the date thereof, except only where it relates to property acquired by voluntary heirs or legatees, in which case it shall not prejudice heirs with a better right until after the lapse of five years." *Legislación Hipotecaria,* vol. 2, p. 284.

"If the inheritance passes within the five years to other heirs, the latter shall not be prejudiced and may set up a claim against the recorded conveyance; *if five years have already elapsed, they shall be prejudiced by such sales;* that is, before accepting them, save their right to recover from the vendors, supposed heirs at the time they sold, the purchase price of the thing conveyed." Id., p. 286.

Morell, in his commentaries on Section 23 of the Spanish Mortgage Law of December 16, 1909, substantially the same as Section 23 of our law, says:

"Heirs with a superior right may, within two years (five years in Puerto Rico), annul or cancel the title recorded by the voluntary heirs or those who may have acquired from them. At the expiration of the two years, should the property be already recorded in the name of third persons, the latter's title becomes final, and the only remedy of the heir with a superior right is to bring a personal action against the other heirs." *Legislación Hipotecaria,* vol. 2, p. 552. (Parenthetical words supplied.)

See also *Menéndez* v. *Succession of Menéndez et al.*, 20 P.R.R. 208, cited by the lower court.

In the instant case, as we have seen, the Palmieri Ferri brothers recorded the hereditary property in their names on December 11, 1925, and it was not until September, 1933, that the appellant filed her complaint in the action of filiation. Therefore, the mortgage right in favor of the Federal Land Bank of Baltimore became final and free from the resolutory condition, because the period of five years, counted from the recording of the inherited property in the name of the Palmieri brothers until the filing of the action of filiation, had fully expired.

As we have seen, the appellant challenges the validity of the summary foreclosure proceeding and urges that both the District Court of San Juan, where the suit was commenced, and the Federal Court, to which the case was subsequently removed, were without jurisdiction to take cognizance of the case. Appellee asserts, however, that the proceeding to which it resorted was an ordinary proceeding; but as we are concerned with a judgment rendered on demurrer, we must accept as true the averments of the complaint and assume, therefore, that the proceeding instituted was the one described therein. However, after considering this circumstance, in view of the fact that we may disregard this question without prejudicing the rights of the appellant, we will not consider the same, preferring to base our judgment on a more solid ground, which is the question of *lis pendens*.

Before that, however, we will discuss the other ground for nullity, that is, the failure to make the plaintiff a party defendant or to serve her with notice of the mortgage foreclosure proceeding.

To our judgment, the plaintiff had no such right, irrespective of the nature of the proceeding instituted by the defendant-appellee. At the time of the commencement of the suit for the collection of the mortgage in 1935, the interest

of the appellant in the mortgaged properties was a judgment in an action of filiation which had not yet become final (*firme*) and which could be reversed by this court, as the same was before us on appeal. ˙ She could not yet be considered as the owner of the mortgaged properties or as the holder of any real right therein which required her intervention in the suit. See Section 128 *et seq.,* of the Mortgage Law and Article 170 *et seq.* of the Mortgage Law Regulations, which specify the parties to be sued and notified in foreclosure proceedings.

Now, before the suit to collect the mortgage had been instituted and, of course, before the estates had been awarded to the Federal Land Bank and sold by it to a third party, notice of the suit was already on record in the registry of property. [3] It is true, as we have just pointed out, that such notice by itself did not create any legal right in favor of the appellant upon the estates in connection with which said notice was recorded; [5] but it is not less true that the record of the complaint was notice to everybody, with the warning that anybody who acquired said estates subsequent to the record entry did so at his own risk, subject to the hazards of the filiation suit, and said suit was decided, as we know, by judgment in favor of the appellant which became final (*firme*) on July 24, 1936. From that moment the appellant could have brought an action of revendication against the purchaser or purchasers of the property, who, as we have seen, were precluded from setting up the status of third parties in interest inasmuch as they had notice, by virtue of the record entry of *lis pendens,* of the right claimed by appellant.

█ If the appellant was not barred from prosecuting such action, could she disregard such right and avail herself of the subsidiary action herein for damages against the appellee?

Under Section 38 of the Mortgage Law and Section 1247 of the Civil Code (1930 ed.) such right was denied to her.

Said sections, in so far as now pertinent, respectively provide:

"Sec. 38.  *  *  *  *  *  *  *

"In any case in which the resolutory or rescissory action can not be brought against a third person in accordance with the provisions of this article the proper personal action may be brought for the recovery of damages from the person who may have caused them."

"Sec. 1247.  *  *  *  *  *  *  *

"Neither shall rescission take place when the things which are the object of the contract are legally in the possession of third persons who have not acted in good faith.

"In such case the indemnity for damages may· be claimed from the person who caused the lesion."

Let us now examine the jurisprudence of this court regarding the question under consideration. ·

We will study the decision in *Carmona et al.* v. *Cuesta*, 20 P.R.R. 215.

In said case certain minors were the owners by inheritance of a rural property situated in Toa Alta. Manuel Valdés, their guardian, who was the executor named by plaintiffs' father, Juan Bonifacio Carmona, in his will, taking advantage of his position as such, sold the property to Prudencio Velilla, without authorization from a competent court, notwithstanding the fact that the plaintiffs were minors at the time. At the time of the sale it was known to Velilla that Valdés did not own the property, which belonged to the minors, and was without legal authorization to alienate the same. Velilla in his turn sold it to Santiago Olivo, who also knew of the fraud, and the latter sold it to José Cuesta Viyeyas who knew that the property belonged to the Carmona minors. Viyeyas instituted dominion title proceedings and then sold the property to Domingo Soldini, who in turn conveyed it to Mary Leight by a deed executed on October 12, 1906; which was recorded in the Registry of Property of San Juan. The plaintiffs brought, in the District Court of San Juan, an action against José Cuesta Viyeyas, Domingo Sol-

dini, and Mary Leight to recover the immovable and to annul the dominion title proceeding and the conveyances from Viyeyas to Soldini and from the latter to Mary Leight. A judgment was rendered, subsequently affirmed by this court, in which it was expressly decreed that the dominion title proceeding was null and void; but the action was dismissed as to the recovery of the property on the ground that Mary Leight was a third person in interest, and the right was reserved to the plaintiffs to bring a personal action to recover damages from the person who might have caused them. It was then that they brought an action against José Cuesta Viyeyas to recover the damages suffered by the plaintiffs by reason of their having lost absolutely the property in question, as a consequence of the fraudulent and malicious actions of Viyeyas. The district court dismissed the complaint and declared the action barred, erroneously applying Section 1868 (2) of the Civil Code (1930 ed.), instead of Section 1864 of said Code, according to which the period of prescription is fifteen years. In reversing the judgment on appeal this court, speaking through Mr. Chief Justice Hernández, said:

"Now, according to section 354 of the Civil Code, the owner has a right of action against the holder and the possessor of the thing for its recovery. That is to say, the owner, as said by the attorney for the appellants, has a real, direct, and primary action to assert his right of ownership against an adverse or unjust tenancy or possession. The period of prescription for said action is 30 years according to section 1864 of the Civil Code.

"It may happen that the real property sought to be recovered is in the possession of a third person whose title is recorded in the registry of property and that the action of ejectment cannot be effective against him. In such a case the last subdivision of article 38 of the Mortgage Law provides that 'In any case in which the resolutory or rescissory action cannot be brought against a third person in accordance with the provisions of this article the proper personal action may be brought for the recovery of damages from the person who may have caused them.'

"The foregoing provision is in harmony with the second subdivision of section 1262 of the Civil Code to the effect that rescission

shall not take place when the things which are the object of the contract are legally in the possession of third persons who have not acted in bad faith, in which case the indemnity for damages may be claimed from the person who caused the lesion.

"According to the facts alleged in the complaint, the plaintiffs were entitled to recover the property of 40 cuerdas referred to and for that purpose they prosecuted an action of ejectment under the provisions of section 354 of the Civil Code, but the action was dismissed and this court in its judgment of March 29, 1912, deciding the case on appeal, held expressly that the dominion title proceedings brought by Cuesta Viyeyas which served as a title of ownership for the sale of the property by Viyeyas to Soldini and by the latter to Mary Leight, were essentially null and void. The said action of ejectment not having prospered, this court reserved to the plaintiffs the right to bring a personal action for an indemnity for damages against the person who may have caused the same. That action for damages accrues from the facts determinative of the action of ejectment and *from the fact that the said action could not prosper because of the existence of a legal bar thereto consisting of the acquisition of the property in question by a third person who could not be compelled by law to make restitution. The action for damages in the present case has not the character of a principal action but that of a subsidiary action in view of the existence of a legal bar to the success of the action of ejectment, and it is a remedy which the Legislature has provided for the owner of a property in order that, being unable to recover the property, he may obtain reparation for his loss by means of the said action.*

"As is seen, this action for damages is not an action claiming liability for fault or negligence as understood in subdivision 2 of section 1869 of the Civil Code, and therefore the period of one year for prescription fixed by the said section is not applicable to the case at bar. This is a personal action for which no special period of prescription is fixed and therefore it prescribes in 15 years, according to section 1865 of the Civil Code." (Italics ours.)

In the case at bar, unlike that of *Carmona et al.* v. *Cuesta, supra,* the appellant was not legally barred from bringing a revendicatory action against the purchasers of the estates and, therefore, if we apply *a contrario sensu* the doctrine laid down in *Carmona et al.* v. *Cuesta, supra,* and as in the present case the action for damages is a subsidiary one which

can only prosper where the principal action does not lie—the revendicatory action—it is obvious that the complaint does not state facts sufficient to constitute a cause of action. Consequently, it was not error for the court below to sustain the demurrer, although on different grounds, nor did said court err in rendering the judgment appealed from.

The said judgment should be affirmed.